UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>  33 Arch Street, 24th Floor<br>  Boston, MA 02110<br><br>                **Plaintiff,**<br><br>    v.<br><br>**WISDOM CAPITAL MANAGEMENT GROUP LTD.**<br>  c/o New York Secretary of State<br>  Department of State<br>  One Commerce Plaza<br>  99 Washington Avenue<br>  Albany, NY 12231<br><br>                **Defendant.** | Civil Action No. |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("the Commission") files this Complaint against Defendant Wisdom Capital Management Group Ltd. ("Wisdom") and alleges as follows:

### SUMMARY

1. This case concerns material misrepresentations and statements that could not be substantiated made by Wisdom, a purported investment adviser, in a form filed with the Commission and made available to the public on December 14, 2023, about Wisdom's organization, office location, assets under management, and clients.

2. Specifically, Wisdom represented in its Form ADV (a form used by investment advisers to register with both the Commission and state securities regulators) that it is a public

company operating out of office space on Wall Street in New York City; that it manages $10 million in private funds in the United States; that it advises two private funds (both with the same name as the defendant: Wisdom Capital Management Group Ltd.); and that a separate registered investment adviser ("RIA") reports information about these two private funds to the Commission on its own Form ADV.

3. Contrary to Wisdom's representations, the current business resident of the New York City office space has no knowledge of Wisdom or its purported management personnel, and the separate RIA has not reported information about the two purported private funds. Moreover, the Commission has not found any reporting of information about these two private funds on other filings made with the Commission, and a search of the Commission's public company database yields no information on Wisdom.

4. In addition, Wisdom failed to respond to requests by Commission attorneys to provide records to substantiate the information on the Form ADV, including the amount of private fund assets under management in the United States.

5. By engaging in the conduct described in this Complaint, Wisdom violated, and unless enjoined will continue to violate, Sections 204(a) and 207 of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-4(a), 80b-7].

### NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

6. The Commission brings this action under enforcement authority conferred by Sections 209(d) and 209(e) of the Advisers Act [15 U.S.C. §§ 80b-9(d) and 80b-9(e)].

7. The Commission seeks a final judgment: (a) permanently enjoining Wisdom from violating the federal securities laws this Complaint alleges it has violated; (b) permanently enjoining Wisdom, its owners, and its executive officers, from filing a Form ADV as an Exempt Reporting Adviser; (c) ordering Wisdom to pay civil money penalties under Section

209(e) of the Advisers Act [15 U.S.C. § 80b-209(e)]; and (d) ordering any other and further relief the Court may deem just and proper.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

9. Defendant, directly or indirectly, made use of the means or instrumentalities of interstate commerce or of the mails in connection with the transactions, acts, practices, and course of business alleged.

10. Venue is proper in the District of Columbia under Section 214 of the Advisers Act [15 U.S.C. § 80b-14]. Certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this District. Specifically, Wisdom filed its Form ADV with the Commission, which is located in the District.

## DEFENDANT

11. **Wisdom Capital Management Group Ltd**. claims that it is a New York corporation with a principal place of business in New York. On December 5, 2023, Wisdom filed a certificate of incorporation with the New York Department of State, Division of Corporations, in which it used the name "Ricardo Jobity" as the filer and incorporator and listed an address for Jobity on Wall Street in New York City. Attempts to contact and identify "Ricardo Jobity" were unsuccessful. The certificate of incorporation designated the Secretary of State of New York as the agent of the corporation upon whom process may be served.

## FACTS

**I. Investment Adviser Registration and Commission Form ADV.**

12. The Commission regulates investment advisers, primarily under the Advisers Act and the rules adopted under that statute. One of the central elements of the regulatory program is the requirement that an "investment adviser" under the Advisers Act register with the

Commission, unless exempt or prohibited from registration. Generally, only larger advisers that have $100 million or more of regulatory assets under management, or that provide advice to investment company clients, are permitted to register with the Commission. Smaller advisers register under state law with state securities authorities.

13. Exempt Reporting Advisers ("ERAs") are a category of private fund advisers under the Advisers Act that are not required to register with the Commission. ERAs include advisers to venture capital funds, and advisers to private funds with less than $150 million in assets under management in the United States. The registration exemption for advisers to venture capital funds is Advisers Act Section 204(l); the registration exemption for private fund advisers is Advisers Act Section 204(m).

14. While ERAs are exempt from the registration requirements, any books or records they do maintain are subject to examination by the Commission under Section 204(a) of the Advisers Act.

15. Form ADV is the form used by investment advisers to register with the Commission and with state securities authorities. It consists of two parts, both of which are required to be filed with the Commission, and both of which are publicly available once filed: Form ADV Part 1 and Form ADV Part 2.

16. ERAs, while exempt from registration, are still required to file certain items in Form ADV Part 1. ERAs do not complete Part 2.

17. Part 1 asks for information about, among other things, an adviser's business, amount of assets under management, ownership, and clients.

18. Form ADV is filed electronically with the Commission through the Investment Adviser Registration Depository ("IARD"), a secure Internet based filing system that collects and maintains the registration, reporting, and disclosure information for investment advisers. The Financial Industry Regulatory Authority ("FINRA"), under contract with the Commission,

4

is the developer and operator of the IARD system. Once filed, the Form ADV is available to the public through the Commission's Investment Adviser Public Disclosure database ("IAPD"), located at https://adviserinfo.sec.gov.

## II. Wisdom Made Material Misstatements and Statements That Could Not Be Substantiated in its Form ADV Filed With the Commission.

19. On December 14, 2023, Wisdom filed its Form ADV. In that filing, Wisdom claims that it is an ERA that qualifies for a registration exemption because it both (i) advises solely one or more venture capital funds and (ii) acts solely as an adviser to private funds and has assets under management in the United States of less than $150 million.

20. In the Form ADV, Wisdom lists as its principal office and place of business the same Wall Street address in New York City as the address identified on its certificate of incorporation, and states that Jobity serves as both its Chief Executive Officer ("CEO") and Chief Operating Officer ("COO"). Wisdom also provides a telephone number with a (210) area code as the main number for its New York office, even though (210) is the area code for San Antonio, Texas.

21. In the Form ADV section titled "Direct Owners and Executive Officers," Wisdom identifies its "Executive Officers" and owner as itself (that is, Wisdom Capital Management Group Ltd.). Wisdom also (i) states that it is a public reporting company (often referred to as a "public company"), meaning that it must file certain disclosure reports, including annual, quarterly, and current reports, with the Commission on an ongoing basis, and (ii) provides a Central Index Key ("CIK") number, which is a number that the Commission assigns to a public reporting company and that can be searched on the Commission's computer systems to identify corporations and individuals required to file disclosure information.

22. The Form ADV represents that the amount of Wisdom's private fund assets under management in the United States is $10 million.

23. In addition, the Form ADV represents that Wisdom advises two separate private funds, both of which are also named "Wisdom Capital Management Group Ltd.," and lists private fund identification numbers. The private fund identification number is a unique identification number assigned to a private fund.

24. Wisdom further states in its Form ADV that a separate RIA "provides information" about Wisdom's two private funds on its own Form ADV filing.

25. Contrary to Wisdom's representations in the Form ADV:

    a. the current business resident of the New York City office has occupied that location for more than seven years and has no knowledge of Wisdom or Jobity;

    b. the third-party RIA has not reported those Wisdom private funds on its Form ADV filings. Further, the Commission has not found reporting of the two private funds or the associated identification numbers on other filings; and

    c. a search for either Wisdom or its purported CIK number on the Commission's public reporting company database yields no information.

**III.   Wisdom Failed to Produce Records for Examination.**

26. Section 204(a) of the Advisers Act provides that all records of investment advisers are "subject at any time, or from time to time, to such reasonable periodic, special, or other examinations by representatives of the Commission as the Commission deems necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 80b-4(a).

27. Although ERAs are exempt from the registration requirements, any books and records they do maintain are subject to examination under Section 204(a).

28. Since May 23, 2024, Commission attorneys have attempted to obtain books and records from Wisdom that it is required to produce under the Advisers Act.

29. On May 23, 2024 and June 6, 2024, Commission attorneys called the telephone number that Wisdom provided on the Form ADV. Both times, the calls went to a busy tone unanswered.

30. Also on May 23, 2024 and June 6, 2024, a Commission attorney emailed Wisdom a letter requesting production of books and records regarding the information on the Form ADV, including its organizational information and the private fund assets under management in the United States. Although the Form ADV itself does not contain an email address for Wisdom, the Commission attorney used an email address that Jobity provided to FINRA in connection with the Form ADV filing process. To date, Jobity and Wisdom have not responded to the emails.

31. In sum, the Form ADV materially misrepresented information about Wisdom's business location, status as a public reporting company, and reporting of private fund clients; and it provided information about its management personnel and the amount of private fund assets under management in the United States that (1) could not be substantiated, (2) Wisdom failed to provide information about when requested, and (3) is likely false. Further, Wisdom failed to respond to Commission requests to produce books and records subject to examination.

32. Given the above facts, a reasonable investor would have considered it important in making their decision to invest with Wisdom to know complete and accurate information about its organizational structure and management personnel, office location, amount of assets under management in the United States, and private fund clients.

**FIRST CLAIM FOR RELIEF**
**Violation of Advisers Act Section 204(a)**

33. The Commission realleges and incorporates by reference here the allegations in paragraphs 1 through 32.

34. Wisdom failed to make its books and records available to Commission attorneys for examination.

35. By reason of the foregoing, Wisdom has violated and, unless enjoined, will again violate Section 204(a) of the Advisers Act [15 U.S.C. § 80b-4(a)].

## SECOND CLAIM FOR RELIEF
### Violation of Advisers Act Section 207

36. The Commission realleges and incorporates by reference here the allegations in paragraphs 1 through 32.

37. Wisdom, by use of the mails, and the means and instruments of interstate commerce, directly and indirectly, willfully made untrue statements of material fact in, and omitted to state material facts required to be stated in, reports filed with the Commission.

38. By reason of the foregoing, Wisdom, directly or indirectly, has violated and, unless enjoined, will again violate Section 207 of the Advisers Act [15 U.S.C. § 80b-7].

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court enter a Final Judgment:

**I.**

Permanently restraining and enjoining Wisdom and its agents, servants, employees and attorneys and all persons in active concert or participation with any of them from violating, directly or indirectly, Sections 204(a) and 207 of the Advisers Act [15 U.S.C. §§ 80b-4(a); 80b-7].

**II.**

Permanently restraining and enjoining Wisdom, its owners, and its executive officers, from filing a Form ADV as an Exempt Reporting Adviser.

### III.

Ordering Wisdom to pay civil monetary penalties under Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

### IV.

Granting any other and further relief this Court may deem just and proper.

### JURY DEMAND

Under Rule 39 of the Federal Rules of Civil Procedure, Plaintiff demands that this case be tried to a jury.

Dated: August 30, 2024        Respectfully submitted,

/s/ David H. London
David H. London (Mass. Bar No. 638789)
Alexandra Lavin (Mass. Bar No. 687785)
Sarah McAteer (Mass. Bar No. 706403)
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA 02110
Phone: 617-573-8997 (London)
Email: LondonD@sec.gov